UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARS ST. JOHN, | ) | CASE NO. 1:17-cv-02456 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| AU BON PAIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

After this matter was remanded from the Sixth Circuit Court of Appeals, this matter was referred to the undersigned Magistrate Judge for general pretrial supervision, to rule upon all non-dispositive motions, and to issue a "report containing proposed findings and recommendation for disposition of case-dispositive motions." (R. 10). On September 23, 2019, *pro se* Plaintiff Lars St. John filed a "Motion of Order to Produce Document and Reasons for Termination of Two Defendants and Reinstatement." (R. 27). Specifically, Defendants Luke Maldonado and Thomas Dolan appear to have been terminated as parties to this action. *Id*. Plaintiff's motion is denied as moot because it is recommended that all individually named defendants be dismissed as parties consistent with the Court's previous ruling.

**I. Procedural Background**

On November 22, 2017, Plaintiff, *pro se*, filed a complaint suing his former employer Au Bon Pain and seventeen Au Bon Pain employees. (R. 1). The complaint alleges six causes of action: (1) harassment in violation of Ohio Revised Code ("O.R.C.") § 2917.11(A); (2) sexual harassment in violation of O.R.C. § 4112.02; (3) race and gender discrimination in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981; (4) libel/slander in violation of O.R.C. §

§ 2739.01 and the Fourteenth Amendment; (5) wrongful termination/retaliation in violation of O.R.C. § 4113.52; and (6) violation of his First Amendment rights. (R. 1).

On June 11, 2018, the District Court found that Plaintiff's Title VII and § 1981 claims in Count Three were insufficient, and that Plaintiff's First and Fourteenth Amendment claims contained in Counts Four and Six "simply do not apply to the acts of private persons or entities." (R. 5). Therefore, the District Court dismissed those claims. *Id*. In addition, the District Court considered whether it should exercise supplemental jurisdiction over the remaining state law claims (Counts I, II, IV and V) pursuant to 28 U.S.C. § 1367(c), but declined to do so given the dismissal of Plaintiff's federal claims. *Id*.

Plaintiff appealed the District Court's decision, and on May 22, 2019, the Sixth Circuit Court of Appeals affirmed in part and vacated in part. (R. 8). Specifically, the Sixth Circuit stated that "we VACATE the district court's judgment with respect to St. John's Title VII, § 1981, and supplemental state-law claims against Au Bon Pain." *Id*., PageID# 69. It is critical to note that while the Sixth Circuit vacated the dismissal of the Title VII claim *with respect to* Au Bon Pain, it unambiguously found that "to the extent that St. John sought to sue his coworkers and supervisors, those claims were properly subject to dismissal because coworkers and supervisors are not 'employers' and are thus not subject to suit under Title VII." *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)." (R. 8, PageID# 68). In addition, the Sixth Circuit also concluded that the District Court properly dismissed the First and Fourteenth Amendment claims because all of the defendants were private and not state actors. *Id*. Therefore, upon remand from the Sixth Circuit, **no federal claims remain against the individually named Defendants**, and the only remaining federal claim against Au Bon Pain is the Title VII claim.

## II. Analysis

The Sixth Circuit's remand, as stated above, vacated the District Court's judgment with respect to the Title VII, § 1981, and supplemental state-law claims *against* Au Bon Pain, but "AFFIRM[ED] the district court's judgment *in all other respects*." (R. 8) (emphasis added). Therefore, the dismissal of all federal claims against all seventeen individually named Defendants was affirmed. The Sixth Circuit's decision recognizes that the District Court has discretion to exercise supplemental jurisdiction over state law claims. (R. 8, citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009)). There are exceptional circumstances, in this case, that demonstrate compelling reasons for the District Court's decision not to exercise supplemental jurisdiction over the state law claims involving seventeen individual defendants; and, therefore, the undersigned finds no reason to diverge from the District Court's earlier decision declining to exercise supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367(c)(4), a district court "may decline to exercise supplemental jurisdiction over a claim … if in exceptional circumstances there are other compelling reasons for declining jurisdiction." Plaintiff's remaining federal claims are against the corporate defendant. But this is not a case in which an additional minor state law claim has been brought, nor is it a case in which the elements and required proof for the federal and state causes of action are parallel and would lead to litigation efficiencies. *See*, *e.g.*, *Rost v. Heaney*, No. 18-12351, 2018 WL 3753839, at *3 (E.D. Mich. Aug. 8, 2018). Rather, Plaintiff's complaint asserts multiple disparate state law claims against seventeen individual defendants and the corporate defendant. When determining whether there are compelling reasons for not exercising supplemental jurisdiction, courts should conclude "that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Id.* It is clear that the state law claims

3

substantially expand the scope and burden of this litigation.

Moreover, Plaintiff's federal race and gender discrimination claim against Defendant Au Bon Pain is not contingent on Plaintiff proving his state law allegations against the individually named Defendants. Although the alleged federal and state claims may arise from the same factual background, "the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions, potentially confuse the jury, result in inconsistent verdicts, and cause post-trial problems…." *Id.* That is clearly the case here. The undersigned expresses no view on the merits or viability of any of Plaintiff's state law claims. Although the parties may duplicate some effort if Plaintiff decides to pursue claims in state court, in an exceptional situation, "[a]ny theoretical judicial economy and convenience to the parties…may be outweighed by the problems created in exercising supplemental jurisdiction over state law claims." *Id.*

Therefore, it is recommended that Plaintiff's state law claims be DISMISSED without prejudice. Because the Sixth Circuit affirmed dismissal of the federal claims against the seventeen individual Defendants, all individual Defendants should be terminated from this action, leaving only the corporate defendant, Au Bon Pain.

Given this recommendation, Plaintiff's "Motion of Order to Produce Document and Reasons for Termination of Two Defendants and Reinstatement" (R. 27) is DENIED as moot.

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Dated: October 7, 2019

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. **28 U.S.C. § 636(b)(1).** Failure to file objections within the specified time may waive the right to appeal the district court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).